**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Byung Ha CHANG, aka Toney Chang, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Mi Ryeong Kim, Defendant—Appellant.**

Nos. 01–50339, 01–50340.

D.C. No. CR–00–00849–NM–1.

D.C. No. CR–00–00849–NM–2.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2002.*

Decided Oct. 4, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before THOMPSON and RAWLINSON, Circuit Judges, and SCHWARZER, District Judge.[**]

## MEMORANDUM[***]

The appellants Byung Ha Chang and Mi Ryeong Kim, husband and wife, each entered a guilty plea to conspiracy to smuggle illegal aliens into the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). The appellants challenge the sentence imposed by the district court. Specifically, they argue that the district court applied the wrong standard of proof, improperly relied on hearsay evidence, and erred in imposing a nine-level enhancement pursuant to U.S.S.G. § 2L1.1(b)(2) and a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The appellants argue that the district court incorrectly stated that the applicable standard of proof for a sentence enhancement under U.S.S.G. § 2L1.1(b)(2) is preponderance of the evidence. However, whether the standard is proof by clear and convincing evidence, as the appellants contend, or by a preponderance of the evidence, makes no difference in this case. The district court found that the sentence enhancements had been established by clear and convincing evidence.

The district court did not err in considering hearsay statements of the co-conspirators. At sentencing, a district court may consider hearsay statements that have a " 'sufficient indicia of reliability to support [their] probable accuracy.' " *United States v. Petty,* 982 F.2d 1365, 1367 (9th Cir.1993) (citations omitted). Here, all of the co-conspirators, in their statements, described a large-scale operation run by the appellants by which Korean nationals were smuggled through Canada into the United States. The district court found that the statements tended to corroborate one another. Moreover, they were taken at different times and different places, thus making collusion improbable. The statements were further corroborated by bank records, telephone logs and airline records. The statements were sufficiently reliable to support their probable accuracy.

The district court did not err in imposing a nine-level upward adjustment, pursuant to U.S.S.G. § 2L1.1(b)(2), for a smuggling conspiracy involving 100 or more aliens. The corroborating statements of the co-conspirators mentioned above, as well as the bank records, telephone logs, and airline records established that the breadth of the conspiracy exceeded the 100–alien level.

Nor did the district court err in applying a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a). The evidence established that the appellants organized and led the conspiracy, hired more than five co-conspirators, gave them orders, and managed their activities in Korea, Canada and the United States. The co-conspirators also identified the appellants as the leaders of the smuggling operation.

AFFIRMED.

[**] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.